TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Austin Johnson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Austin Johnson, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Global Trust Management LLC, | **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND** |
| Defendant. | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Austin Johnson (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Global Trust Management LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Redondo Beach, California, and is a "person" as defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Tampa, Florida, and is a "person" as the term is defined by 1 U.S.C. § 1 and Cal Civ. Code § 1788.2(g).

COMPLAINT FOR DAMAGES

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.     Within the past year, Defendant initiated efforts to collect a debt from Plaintiff.

COMPLAINT FOR DAMAGES

13.     On or about January 3, 2020, Defendant called Plaintiff's mother and left a voicemail on her answering system wherein Defendant misrepresented that it was calling regarding an "application" that had been submitted to its office.

14.     When Plaintiff called Defendant back regarding the "application," Defendant acknowledged that it was a debt collector calling to collect a debt.

15.     When Plaintiff asked Defendant why it left a message with his mother, Defendant threatened Plaintiff with "drastic action" if Plaintiff failed to make a payment arrangement with Defendant by 6:00 PM that same day.

16.     In addition, Defendant failed to send Plaintiff written notice of the alleged debt with five (5) days of its initial communication with Plaintiff as prescribed by 15 U.S.C. § 1692g.

17.     Furthermore, Defendant overshadowed Plaintiff's right to dispute the alleged debt by demanding an immediate payment from Plaintiff before furnishing Plaintiff with notice of his rights to dispute the debt as prescribed by 15 U.S.C. § 1692g.

18.     Defendant's actions caused Plaintiff a significant amount of stress, anxiety, and embarrassment.

COMPLAINT FOR DAMAGES

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

21.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

22.     Defendant called a third-party for a purpose other than to obtain location information regarding the Plaintiff, in violation of 15 U.S.C. § 1692b.

23.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25.     Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

COMPLAINT FOR DAMAGES

26. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

27. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

29. Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiff to make an immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

30. The foregoing acts and/or omissions of Defendant constitute multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

6

COMPLAINT FOR DAMAGES

33.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

34.     Defendant communicated with Plaintiff's family regarding the alleged consumer debt and for a purpose other than to locate the Plaintiff, in violation of Cal. Civ. Code § 1788.12(b).

35.     Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

36.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

COMPLAINT FOR DAMAGES

1

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3

4   DATED:  November 17, 2020              TRINETTE G. KENT

5
                                          By: ___/s/   *Trinette G. Kent*___
6                                         Trinette G. Kent, Esq.
7                                         Lemberg Law, LLC
                                          Attorney for Plaintiff, Austin Johnson
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

COMPLAINT FOR DAMAGES